IN THE COUNTY COURT IN AND FOR
SARASOTA COUNTY, FLORIDA

CASE NO. 2009 CC 000638 NC

CAROL ESPOSITO,

    Plaintiff,

v.

GC SERVICES, LP.,

    Defendant.

_____/

## COMPLAINT

NOW COMES the Plaintiff, CAROL ESPOSITO, by and through her attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, GC SERVICES, LP., and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq. and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72.

### PARTIES

2. Plaintiff, CAROL ESPOSITO ("Plaintiff"), is a "consumer" as defined by the FDCPA, who was at all relevant times residing in Sarasota County, State of Florida.

3. At all relevant times herein, Defendant, GC SERVICES, LP. ("Defendant") or ("GCS") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.



4.   Defendant is a corporation that is authorized to do business in Sarasota County, Florida.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. GCS

5.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6.   Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiff.

7.   Defendant regularly collects debts from consumers such as the Plaintiff.

8.   Defendant continued calling Plaintiff in regard to the purported debt at her place of employment despite having been previously notified by the Plaintiff that such calls were inconvenient and violated the policies of Plaintiff's employer.

9.   Defendant overshadowed the FDCPA's thirty (30) day dispute period by creating a false sense of urgency and immediacy during initial collection calls to the Plaintiff.

10.  Defendant threatened to conduct an asset investigation on Plaintiff's daughter and to report the purported debt to Plaintiff's credit when Defendant did not have the intention nor ability to actually do so.

11.  On at least one occasion in the past year, Defendant's employees and agents called Plaintiff and refused to provide their mailing address despite Plaintiff's request for same.

12.  Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

a. Repeatedly contacting Plaintiff at her place of employment after being informed that such calls were inconvenient to Plaintiff and violate the policy of Plaintiff's employer in violation of 15 U.S.C. §1692c(a)(1) and (3);

b. Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including presenting Plaintiff with a false sense of urgency during telephone calls inconsistent with the 30 day dispute period enjoyed by Plaintiff pursuant to 15 USC § 1692g(a) in violation of 15 U.S.C. §1692g(b);

c. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to do an asset investigation on Plaintiff's daughter and report on Plaintiff's credit report in violation of 15 U.S.C. §1692e(5);

d. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including refusing to give Defendant's address on request in order to make it more difficult for Defendant to cease and desist letter in violation of 15 U.S.C. §1692e(10); and

e. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

13. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages.

14. As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and

emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, CAROL ESPOSITO, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST GCS

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 in one or more of the following ways:

    a. Claimed, attempted, or threatened to enforce a debt while knowing that the debt was not legitimate or asserted the existence of some other legal right while knowing that the right did not exist in violation of Fla. Stat. §559.72(9);

    b. Failed or refused to adequately identify themselves or their employer in violation of Fla. Stat. §559.72(15); and

    c. Was otherwise deceptive and failed to comply with the Florida Consumer Collection Practices Act.

17. As a result of the above statutory violations and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, CAROL ESPOSITO, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Punitive damages:

d. Statutory damages of $1,000.00;

e. Plaintiff's attorneys' fees and costs;

f. Any other relief deemed appropriate by this Honorable Court.

## COUNT III
## COMMON LAW INVASION OF PRIVACY BY INTRUSION

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. Defendant's aforementioned violations of the FDCPA and FCCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's invasions, and this expectation was objectively reasonable under the circumstances

WHEREFORE, Plaintiff, CAROL ESPOSITO, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Plaintiff's attorneys' fees and costs; and

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
9369 Sheridan Street, Ste. 656
Cooper City, FL 33024
(954) 212-2184
(866) 577-0963 fax

By: _____
Alex D. Weisberg, Esq.
FBN: 0566551